IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:07CV-123-RLV

| | |
|---|---|
| NANCY L. OVERCASH,<br>        Plaintiff,<br><br>V.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>        Defendant. | **Memorandum and Order** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment (Document No. 14), filed January 25, 2008, and Defendant Commissioner's Motion for Judgment on the Pleadings (Document No. 17), filed March 24, 2008.

Pursuant to 28 U.S.C. 636(b)(1)(B), United States Magistrate Judge David C. Keesler was designated to consider and recommend disposition of the aforesaid motions. In a Memorandum and Recommendation Opinion (or M&R) filed May 21, 2010, the Magistrate Judge recommended that the Plaintiff's Motion for Summary Judgment be <u>denied</u>, that Defendant's Motion for Judgment on the Pleadings be <u>granted</u>, and that the Commissioner's decision be <u>affirmed</u>. (M&R, at 19). Plaintiff, through counsel, filed a timely Objection to the Magistrate Judge's Memorandum and Recommendation on June 7, 2010, and in connection therewith filed a Motion to Remand, which is considered herein. (Document No. 20.)

# I. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Keeler v. Pea, 782 F. Supp. 42, 43 (D.S.C. 1992). The statute does not require *de novo* review when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's Memorandum and Recommendation as well as a *de novo* review of those issues specifically raised in Plaintiff's objections.

# II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff, Nancy L. Overcash (Plaintiff) seeks judicial review of an unfavorable administrative decision regarding her initial claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (the "Instant Claim"). (M&R, at 1-2.) Plaintiff filed the instant claim on May 21, 2002, alleging that she was unable to work because of a disabling condition that began on August 15, 2001. (Id. at 2.) The Commissioner of Social Security ("the Commissioner") denied the Instant Claim initially on July 12, 2002, and again after reconsideration on October 7, 2002. (Id.) Plaintiff then filed a timely written request for a hearing on December 3, 2002. (Id.) On January 21, 2004, Plaintiff appeared and testified at a hearing before an

Administrative Law Judge (the "ALJ"). (Id.) On or about March 24, 2004, the ALJ issued an unfavorable decision denying the Instant Claim. (Id.)

Plaintiff then filed a request for review of the ALJ's decision on May 21, 2004, which was granted by the Appeals Council. (Id.) On March 7, 2005, the Appeals Council vacated the ALJ's decision and ordered a new hearing before the ALJ on December 19, 2005. (Id.) Following the hearing, on November 3, 2006, the ALJ issued another unfavorable decision denying Plaintiff's disability benefits. (Id.) Once the Appeals Council denied Plaintiff's second request for review on May 16, 2007, the ALJ's decision on November 3, 2006, became the Commissioner's final decision. (Id.)

On July 12, 2007, Plaintiff filed a second application for disability benefits (the "Second Claim"), alleging the same or similar disabling conditions with an onset date of November 4, 2006. (Obj. to M & R at 1.) The Commissioner twice denied the Second Claim, and Plaintiff filed a timely request for a hearing on February 20, 2008. (Id.) On July 22, 2009, Plaintiff appeared before ALJ Graham, who issued a Fully Favorable Decision dated September 17, 2009, finding that Plaintiff was disabled as of November 4, 2006, the day after ALJ Evan's final denial of the Instant Claim. (Id.) On July 17, 2007, shortly after filing the Second Claim (but before the ALJ's September 2009 favorable decision), Plaintiff filed an action in the United States District Court for the Middle District of North Carolina seeking to reverse the ALJ's determination of the Instant Claim. (Document No. 10, at 4.) The action was subsequently transferred to this Court on October 31, 2007. (Id. at 1.) As explained below, the Court now overrules Plaintiff's Objections to the M & R, denies the Motion to Remand, and affirms the Commissioner's final decision on the Instant Claim.

## III. DISCUSSION

In Plaintiff's Objection to the M&R, Plaintiff makes no specific objection to the Magistrate Judge's determinations.[1] Rather than citing specific error in the M&R, Plaintiff seeks remand, providing a narrative in rebuttal of the evidence adduced in connection with the Instant Claim, based in primary and dominant part on a deposition of Dr. Rajel Patel, the treating physician, taken on July 14, 2009.[2] Plaintiff proposes two theories in support of her Motion to Remand the Instant Claim. First, Plaintiff argues that the ALJ's decision denying Plaintiff's benefits in the Instant Claim cannot be reconciled with a different ALJ's decision approving Plaintiff's benefits as to the Second Claim and that pursuant to the Social Security Administration's Hearing, Appeals and Litigation Law Manual ("HALLEX"), remand of the Instant Claim is required.[3] (Id.) Second, Plaintiff argues that the deposition of Plaintiff's treating physician, Dr. Patel, taken on July 14, 2009, requires remand of the Instant Claim under the sixth sentence of 42 U.S.C. §405(g) for new and material evidence. (Id.) These arguments will be taken up in reverse order.

---

[1] To the extent Plaintiff's attack on the ALJ's handling of the opinions of the treating physician could be considered a specific objection, that issue was fully covered in the M & R, and the finding of the Magistrate Judge is fully supported by the record and in accordance with applicable law.

[2] Notably, the second Patel deposition occurred shortly before the ALJ hearing on the Second Claim, and over three years after the ALJ's final denial of the Instant Claim on November 3, 2006.

[3] HALLEX is a manual in which: the Associate Commissioner of Hearings and Appeals conveys guiding principles, procedural guidance and information to the Office of Hearings and Appeals (OHA) staff. HALLEX includes policy statements resulting from an Appeals Council *en banc* meeting under the authority of the Appeals Council Chair. It also defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council and Civil Actions levels. Soc. Sec. Admin., Office of Hearings and Appeals, Hearing, Appeals and Litigation Law Manual I-1-0-1 (June 21, 2005). HALLEX is available online at http://www.ssa.gov/OP_Home/hallex/hallex.html.

### a. Plaintiff Fails To Demonstrate Good Cause For Purposes Of Remand Based On New And Material Evidence / Six Sentence 42 U.S.C. § 405(g)

Plaintiff moves the Court to remand the Instant Claim pursuant to the sixth sentence of 42 U.S.C. § 405(g) based on new and material evidence. (Obj., at 4.) The new evidence that Plaintiff seeks to admit is a recently administered deposition of Plaintiff's treating physician, Dr. Rajal Patel. (Id. at 5-6.) In the July 14, 2009 deposition, Dr. Patel explained, among other things, how she treated and evaluated Plaintiff's conditions, clarified what information she did and did not include in her medical and clinical reports, and testified specifically that she based her evaluations of Plaintiff's conditions on objective medical testing. (Id., Exh. 2, at 3-18.)

The sixth sentence of § 405(g) provides, in relevant part:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

42 U.S.C. § 405(g) (2010). As § 405(g) suggests, the sixth sentence permits the court to remand a final determination by the Commissioner if new and material evidence is subsequently introduced into the record. 42 U.S.C. § 405(g). The sixth sentence does not allow the court to affirm, modify, or reverse the Commissioner's decision, nor does it permit the court to make a ruling with respect to the correctness of a decision. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). The burden of showing that all of the sixth sentence requirements have been met rests with the claimant. Gorham v. Astrue, No. 4:05-CV-00136, 2008 WL 5085086, at *1 (E.D.N.C. 2008) (citing Fagg v. Chater, 106 F.3d 390, at 2 (4th Cir. 1997)).

In order for the court to remand a decision by the Commissioner pursuant to the sixth sentence of §405(g), claimant must satisfy four requirements. First, the newly submitted evidence must be relevant to the determination of disability at the time the application was first filed and not merely cumulative. *See* Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985)[4]; see also Miller v. Barnhart, 64 Fed. Appx. 858, 860 (4th Cir. 2003); Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Second, the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been presented. Borders, 777 F.2d at 955. Third, "[t]here must be good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner] . . . ." Id. Lastly, the claimant must present to the remanding court at least a general showing of the nature of the new evidence. Id.

Applying the above standards to the present case, Plaintiff satisfies the first standard for sentence six remand requiring newly introduced evidence to be relevant to the determination of disability at the time the application was first filed and not merely cumulative. Borders, 777 F.2d at 955. The deposition of Dr. Patel involves her treatment and evaluation of Plaintiff's conditions from as early as July 29, 2000, well before the ALJ's decision on November 3, 2006. (Obj., Exh. 2, at 3-18.) In addition, the deposition is not cumulative in that it presents new evidence detailing Dr. Patel's reliance on objective medical testing to evaluate Plaintiff and clarifying certain information found in Dr. Patel's medical reports. Id.

Similarly, Dr. Patel's deposition is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her. Borders, 777 F.2d at 955. Considering that the ALJ for the Second Claim relied on Dr. Patel's deposition in finding that

---

[4] For readability, the internal citations found within the Borders v. Heckler opinion are omitted.

Plaintiff was disabled (Obj., Exh.1, at 6), the deposition lends further support to Dr. Patel's evaluations and could, leaving aside credibility determinations, conceivably cause the ALJ on remand to examine such evaluations in a new light. As such, the ALJ's reliance on Dr. Patel's deposition, evidenced by a fully favorable finding of disability beginning one day after the ALJ's unfavorable decision concerning the Instant Claim, constitutes both new and material evidence. *See* Reamey v. Astrue, No. 6:08-CV-021, 2009 WL 1619211, at 4 (W.D. Va. 2009) (citing Hayes v. Astrue, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) ("[W]here a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence.); Reichard v. Barnhart, 285 F. Supp. 2d 728, 734 (S.D. W. Va. 2003) (finding the ALJ's decision granting disability benefits less than a week after he first pronounced claimant was not disabled is new and material evidence)). Plaintiff has also met the fourth requirement for sentence six remand, as she has provided the court with the primary evidence to be considered on remand–a copy of the deposition--and the court understands its nature. See Borders, 777 F.2d at 955.

However, Plaintiff has not demonstrated good cause for failing to obtain and submit Dr. Patel's clarifying deposition while the Instant Claim was before the Commissioner. Plaintiff asserts that she had good cause because the deposition was not in existence at the time of the administrative proceeding. (Obj., at 6.) Although the deposition was not in existence, Plaintiff's argument is insufficient because Plaintiff had ample time to obtain the deposition when the Instant Claim was under consideration by the Commissioner. See Gorham, 2008 WL 5085086, at 3-4.

In determining whether good cause exists, the Court considers:[5]

    1) What circumstances kept [the Claimant] from making the request on time;
    2) Whether [the Commissioner's] action misled [the Claimant];
    3) Whether [the Claimant] did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
    4) Whether [the Claimant] had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented [the Claimant] from filing a timely request or from understanding or knowing about the need to file a timely request for review.

In Gorham v. Astrue, the United States District Court for the Eastern District of North Carolina rejected an argument similar to that of Plaintiff's. Id. at 3-4. The claimant in Gorham asserted that good cause existed because a newly submitted letter by the claimant's treating physician was not written until after the administrative proceedings. Id. at 3. The court rejected Plaintiff's argument, concluding that the claimant had ample time to submit evidence during the administrative proceedings. Id. The court reasoned:

> To permit remand for evidence such as this would open the door to remand in any case where the plaintiff returns to a treating doctor to get a letter stating that the doctor disagrees with the ALJ's decision. Such a result is inconsistent with the good cause requirement's purpose of preventing these cases from going on indefinitely.

Id. (citing Melkonyan, 501 U.S. at 101). As with the claimant in Gorham, Plaintiff in this case had sufficient time during the administrative proceedings to administer and submit Dr. Patel's second (clarifying) deposition. Because Dr. Patel is Plaintiff's primary treating physician, Plaintiff had extensive contact with Dr. Patel over the relevant time period. Moreover, there is nothing to indicate that Dr. Patel's opinion was based on any medical evidence unavailable during the administrative proceedings below. In essence, Plaintiff does not explain why she failed to obtain and submit the deposition earlier. Failure

---

[5] HALLEX I-4-2-32 states that "in determining whether 'good cause' exists regarding the submission of ...additional evidence or other material, [one] may use as a guide the regulations that describe 'good cause' for missing the deadline to request review (20 CFR §§ 404.911 and 416.1411)."

to satisfy any one of the requirements prevents this Court from remanding a claim for new and material evidence under §405(g).

For these reasons, Plaintiff has not shown good cause for her failure to clarify or enhance the earlier deposition while the Instant Claim was still before the Commissioner. Thus, Plaintiff has not satisfied the good cause requirement necessary for remand under the sixth sentence of §405(g). See Borders, 777 F.2d at 955.

**b. Plaintiff Fails To Meet Her Burden Of Showing That Remand Pursuant To HALLEX I-4-2-101 Is Required**

In regard to Plaintiff's second theory supporting remand, she suggests that a comparison of the evidence adduced in support of the Second Claim with that of the Instant Claim would shed light on the latter, and perhaps result in a change of position by the Commissioner or Social Security Administration (the SSA) itself, administratively, or perhaps ultimately a decision favorable to Plaintiff at the Appeals Council or ALJ level. This proposition, taken alone, fails because the essence of the argument depends on the presumed effect of the linchpin of the Second Claim decision – the second deposition of Dr. Patel. As held above, an effort to bring that deposition to bear on the Instant Claim runs afoul of the failure to fulfill the conditions of sentence six.[6]

However, Plaintiff contends that remand is necessary because the Commissioner failed to comply with certain terms of its procedural manual (*i.e.*, HALLEX) in the aftermath of the favorable decision for Plaintiff on the Second Claim. It might first be observed that, aside from the bare assertion of Plaintiff, no evidence of such noncompliance has been provided to this Court.[7]

---

[6] As may be seen from the discussion above, Plaintiff's two theories reduce to one, a request to remand so as to reopen the record before the ALJ with the second Patel deposition taken in July 2009.

[7] It remains a matter of speculation what steps the Commissioner or SSA may have taken, if any, concerning its internal handling of the Instant Claim in the light of the Plaintiff-favorable ruling on the second claim. Plaintiff assumes noncompliance with the guidance manual, but it could be assumed with equal ease that Defendant complied but its inquiry ended with a finding of reconcilability. The reconcilability could be no more elaborate than two different alleged onset dates some five years apart and the natural tendency of some health conditions to worsen over time.

Nevertheless, assuming without finding noncompliance, the Court will further assess this issue.

The provision cited by Plaintiff is HALLEX I-4-2-101, which purports to provide direction to the Comissioner and Social Security Administration (the SSA) when, as in this case, a claimant's subsequent disability claim is approved while his or her first disability claim remains under district court review. In such a circumstance, the provision states that an analyst with the SSA should first determine whether the evidence in the SSA's possession is consistent with both the ALJ denial in the prior claim and the subsequent allowance of the second filed claim. HALLEX I-4-2-101 1.C. If the SSA analyst thinks the evidence in the two cases is not reconcilable, the manual posits that the analyst recommend to the Appeals Council of SSA that it seek remand of the first case for reconsideration in the light of the later one. Id. No such recommendation has been made to the knowledge of the undersigned, as none is revealed in the record. If the analyst believes the evidence is reconcilable, he or she would recommend accordingly against remand.

The question then arises what effect the putative noncompliance might have on this Court's decision whether to grant Plaintiff's motion to remand.[8] The Fourth Circuit has yet to consider the significance and effect of HALLEX Guidelines on the SSA or on the deliberations of the district court in cases such as this. Calhoun v. Astrue, No. 7:08-CV-00619, 2010 WL297823, at 3 (W.D. Va. 2010). Further, no case has been found specifically dealing with the particular HALLEX Guideline (also referred to herein as the "Guidance") upon which the Plaintiff relies. Courts have taken different approaches regarding the authority of HALLEX generally. See Moore v. Apfel, 216 F.3d 864,864,868 (9th Cir. 2000); Newton v. Apfel, 209 F.3d 448,459 (5th Cir. 2000). In Newton, a claimant argued that the Commissioner's failure to consider new evidence on appeal, as ostensibly required by a certain provision of HALLEX, warranted vacatur and remand. Newton,209 F.3d at

---

[8] Apparently the favorable result in the Second Claim was not made known to the Magistrate Judge while his M & R was pending. Likewise, the question of the effect of the HALLEX Guidance, or the "newly discovered" evidence of the second Dr. Patel deposition, for that matter, was never put before the Magistrate Judge, even though some eight months passed between the Plaintiff-favorable decision in the Second Case (9-17-09) and the filing of the M & R (5-21-10). Nevertheless, the deposition was brought forward by Plaintiff in its Objection and will be considered by this Court. Defendant Commissioner has not replied to the Objection. There is no indication or evidence that Plaintiff brought the HALLEX issue to the attention of the Commissioner, the SSA, or the Appeals Council.

459-60. In response, the Fifth Circuit determined that where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required. Id. At 459 (quoting Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981)) The court in Newton concluded that the result cannot stand if the claimant is prejudiced by the Commissioner's failure to follow HALLEX guidelines. In contrast, the Ninth Circuit determined that HALLEX is strictly an internal guidance tool, providing policy and procedural guidelilnes to ALJ's ...and therefore does not carry the force and effect of law. Moore, 216 F.3d at 868. Relying on this finding, the court in Moore refused to review allegations of noncompliance with the HALLEX guidelines. Id. at 869. A court in the Eastern District of North Carolina has likewise determined that HALLEX is an internal guidance tool that lacks the force of law. Melvin v. Astrue, 602 F. Supp. 2d 694, 704 (E.D.N.C. 2009.)

In the context of this case, the findings in Melvin are particularly apt. In Melvin, the district judge found that HALLEX, like other kinds of administrative resources designed primarily *for internal use*, does not have the force of law. *See* Melvin v. Astrue, 602 F. Supp. 2d 694, 704 (citing Schweiker v. Hansen, 450 U.S. 785, 789 (1981) (SSA Claims Manual "has no legal force," and does not bind the agency); Christensen v. Harris County, 529 U.S. 576, 587 (2000) (holding that agency interpretations contained in "policy statements, agency manuals, and enforcement guidelines[] all ... lack the force of law")). This Court agrees. Although addressing a different HALLEX provision, Melvin specifically rejected the argument that remand was required by the district court where the claimant asserted that SSRs, ARs, and HALLEX had not been adhered to and the decision was not adequately explained.[9] Melvin, 602 F.Supp.2d at 702-03. With respect to each, the court determined

---

[9] The Melvin opinion evaluated HALLEX 1-5-4-66, which provides in relevant part that the ALJ is to "include rationale indicating what weight is being given a prior finding in light of all the relevant facts and circumstances." HALLEX 1-5-4-66. In addition to HALLEX, the court in Melvin spoke to the effect of SSA Acquiescence Rulings ("ARs") and Social Security Rulings ("SSRs"). An Acquiescence Ruling is an agency interpretation of an appellate court decision concerning the Social Security Act. *See* Melvin, 602 F.Supp.2d at 699 (citing Albright v. Comm'r of Social Sec. Admin., 175 F.3d 473, 474 (4th

that these internal authorities did not have the force of law. Similarly, the amount of deference the district court may attribute to any given source of internal guidance was found not to be determinative. Melvin, 602 F.Supp.2d at 702-03.

Alternatively, the Melvin court stated that even if HALLEX provided claimant a remedy, the claimant Melvin had not shown any prejudice. Melvin, 602 F.Supp.2d at 704. In terms of potential prejudices for the Commissioner's failure to comply with any of these policies or manuals, the Melvin court contrasted a mere failure to explain the weight attributed to a prior decision and rationale (notably, considering the fourth application for disability benefits) with noncompliance more akin to the denial of a procedural right. Melvin, 602 F.Supp.2d at 704 (contemplating a procedural flaw at the administrative hearing or a defect resulting from some evidence that was or was not considered at the hearing); citing Howard v. Astrue, 505 F.Supp.2d 1298, 1302 (S.D. Ala.2007)) (applying Fifth Circuit view of HALLEX violation; prejudice found where ALJ refused to grant request for a new hearing contrary to HALLEX which deprived claimant of an opportunity to cross-examine a doctor). The facts here do not present any due process concerns and there is no apparent prejudice. Based on Melvin, it also follows that presumed noncompliance, standing alone, would not suffice to trigger remand.

In conclusion, Plaintiff Overcash invites the Court to consider the effect of the HALLEX and to speculate or inquire as to the Commissioner's decisional process and how it arrived at its litigation

---

Cir.1999)). A Social Security Ruling is a "policy statement in which the Comissioner interprets the Social Security Act or the regulations issued pursuant to the Social Security Act. *See* Melvin, 602 F.Supp.2d at 702-03 (citing *Carolyn A. Kubitschek*, Social Security Disability Law and Procedure in Federal Court, §1:17, at 31 (2009 ed.)). The Fourth Circuit has expressly held that SSRs do not have the force of law. *See* Melvin, 602 F.Supp.2d at 702 (quoting Pass v. Chater, 65 F.3d 1200, 1204 n. 3 (4th Cir.1995)).

-12-

position, namely, that the M & R correctly affirms the decision of the ALJ on the Instant Claim. The undersigned is disinclined to engage in that exercise. If the Commissioner were at all events bound by HALLEX to go through its procedures, failing which it must suffer to do so now and reconsider its litigation position, then perhaps remand would be proper. As explained herein, HALLEX does not have the force of law. Melvin, 602 F. Supp. 2d at 704. For this reason, this Court will not oblige the Commissioner to consider the evidence from the Second Case in reconsidering its litigation position regarding the Instant Case. This is surely the better practice where the evidence from the Second Case could have been adduced in a timely fashion but was not, resulting in a finding that no good cause was shown to present it. Moreover, the rule of finality comes into play.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Objections to the M&R are **OVERRULED** and Plaintiff's Motion to Remand is hereby **DENIED**. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Judgment on the Pleadings is **GRANTED**, and the final decision of the Commissioner denying Plaintiff's Application for benefits is **AFFIRMED**.

Signed: February 28, 2011

Richard L. Voorhees
United States District Judge